CHRISTINA T. DAVIS, Appellant, *v.* ROXA A. BURROUGHS, Respondent.

*Supreme Court, Fifth Department, General Term, December 30, 1889.*

1. *Adverse possession. Ejectment.*—An irregular judgment and an execution sale thereunder are sufficient to constitute the basis of an exclusive adverse claim of title.
2. *Same.*—An undisputed possession by a party and his grantors, under such title, for more than twenty years will preclude the maintainance of an action of ejectment.

Appeal from a judgment entered on the findings and decision of the court at the circuit, a jury being waived.

*A. M. Davis*, for appellant.

*D. Millar*, for respondents.

DWIGHT, J.—The action was for ejectment for a house and lot in the village of Wilson, in Niagara county. One Sheldon, who was the common source of title, conveyed the land in February, 1859, to Samantha Davidson, the consideration of the conveyance being paid by her husband, George Davidson. A trust thereby resulted in favor of one McAlpine who was a creditor, at the time, of the husband. McAlpine afterwards recovered a judgment on his

debt against Davidson and assigned it to one Webster. In April, 1862, Webster commenced an action against Davidson and his wife to enforce the trust resulting as above, and on the same day filed a notice of the pendency of his action. In October, 1862, Mrs. Davidson conveyed the premises to one John Williams, and the next spring she and her husband abandoned the possession ; it does not appear that Williams ever took possessson of or claimed title to the property.

In October, 1864, a decree was made in the action in equity, above mentioned, declaring the conveyance to Mrs. Davidson fraudulent as to Webster, as the assignee of the McAlpine judgment, and that a trust resulted to him to the extent necessary to satisfy that judgment; declaring that judgment to be a lien on the premises, and directing that the premises be sold to pay such judgment by a receiver who was thereby appointed for that purpose.

The receiver never qualified, and took no action under the decree ; but in 1866 Webster caused an execution to be issued on the McAlpine judgment, and under that execution Davidson's interest in the land was sold by the sheriff. Webster was himself the purchaser at the sale, and took the sheriff's certificate thereof. He assigned the certificate in 1866 to one Cooper, who held it about fifteen months, and occupied the property for some purpose during that time. In 1867 Cooper sold the certificate to Enoch Towner, who took possession, and, in December of that year, received the sheriff's deed of the premises. Towner died, intestate, in the year 1868. His family remained in possession of the property until 1877, when the widow and heirs joined in a warranty deed to the defendant, Mrs. Burroughs, and she, with her husband, the other defendant, have occupied the premises from that time.

In April, 1882, a judgment was recovered by one Tabor against John Williams, and in 1886 an execution was issued thereupon, on which the sheriff sold the interest of Williams in the premises in question. The plaintiff became the pur-

chaser, for $99.15, and in July, 1887, received the sheriff's deed. The plaintiff's action of ejectment is based upon this deed, and was commenced in 1888.

This narrative, we think, demonstrates the correct disposition of the case at the circuit, on the ground that possession of the defendant, Mrs. Burroughs, and her grantors, was adverse to that of the plaintiff and her grantors; and that neither of the latter had been seized or possessed of the premises in question within twenty years before the commencement of the action. Code Civ. Pro., §§ 365, 368.

If it be conceded that the legal title was in Williams at the date of the sheriff's deed to the plaintiff, and, therefore, in her at the time of the commencement of the action, she will not be presumed to have been possessed of the premises within the time required by law, if the premises have been held and possessed adversely to the legal title for twenty years before the·commencement of the action. Section 368. Such adverse possession may be either under a claim of title exclusive of any other right, founded upon a written instrument, as being a conveyance of the premises in question, or upon a decree or judgment of a competent court, Code of Civ. Pro., § 369, or upon a similar claim of title not founded upon a written instrument or a judgment or decree. Id. § 371.

In this case the instrument in writing under which Towner and his heirs claimed title and held possession from 1867 was a sheriff's deed on a sale by execution against the property of George Davidson, issued on the judgment of McAlpine, which had been declared by the judgment in the action of Webster to be a lien on the premises sold. This provision of the judgment in the equity action was, no doubt, irregular, but it bound the parties to the action, among whom was the grantor of Williams; and Williams himself took his deed with notice of the pendency and object of the action. The attempt to enforce the lien, so declared, by sale on execution, was also irregular, and no valid title was

acquired thereby; but it constituted the basis of a claim of title, unquestionably adverse to that of plaintiff's grantors, and under which the defendant and her grantors have had undisputed possession for more than twenty years.

It follows that the plaintiff took nothing by her deed as against the defendants, and that her complaint was properly dismissed. The judgment must be affirmed.

Judgment affirmed.

BARKER, P. J., and MACOMBER, J., concur.